```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| YVETTE CALLOWAY,      : | CIVIL ACTION |
|         Plaintiff,   : |  |
|     v.                    : | NO. 06-3234 |
| MICHAEL J. ASTRUE,[1]   : |  |
| COMMISSIONER OF SOCIAL SECURITY, : |  |
|         Defendant.  : |  |

## ORDER

AND NOW, this          day of            , 2007, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review, Defendant's Response thereto, and Plaintiff's Reply Brief, and after careful review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS ORDERED that:

    1.  the Report and Recommendation is APPROVED and ADOPTED;

    2.  Plaintiff's Request for Review is GRANTED; and

    3.  the matter is REMANDED for further proceedings consistent with the Report and Recommendation.

                                                      BY THE COURT:

 

_____
                                          J. CURTIS JOYNER, J.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action. See Fed. R. Civ. P. 25(d)(1).

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                       :
YVETTE CALLOWAY,                       :    CIVIL ACTION
                    Plaintiff,         :
                                       :
     v.                                :    NO. 06-3234
                                       :
MICHAEL J. ASTRUE,[2]                  ;
COMMISSIONER OF SOCIAL SECURITY,       :
                    Defendant.         :
                                       :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Plaintiff, Yvette Calloway ("Plaintiff"), brings this action under 42 U.S.C. section 1383(c)(3), which incorporates 42 U.S.C. section 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying her claim for disability insurance benefits ("DIB") provided under Title II of the Social Security Act ("the Act").  42 U.S.C. §§ 401-433.  Subject matter jurisdiction is based upon section 205(g) of the Act.  42 U.S.C. § 405(g).  Presently before this Court is Plaintiff's motion titled "Brief and Statement of Issues in Support of Request for Review."  For the reasons that follow, it is recommended that Plaintiff's Request for Review be granted and the matter be remanded for further proceedings.

---

[2]   On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action.  See Fed. R. Civ. P. 25(d)(1).

2

**I.   PROCEDURAL HISTORY**

Plaintiff protectively filed an application for DIB on March 2, 2004, alleging disability since August 1, 2001, due to a right hand injury, C8 radiculopathy and depression.  (R. 24, 63-65.)  The Social Security Administration denied Plaintiff's claim, and Plaintiff requested a hearing before an administrative law judge ("ALJ").  (R. 27-31.)

A hearing was held on June 16, 2005, and Plaintiff, who was not represented by counsel, appeared and testified.  (R. 274-305.)  An impartial vocational expert ("VE") also appeared and testified.  (R. 300-303.)  On August 22, 2005, the ALJ determined that Plaintiff was not disabled at any time[3] because she maintained the residual functional capacity to perform a significant range of light work.  (R. 17-25.)  Based on her RFC determination, as well as Plaintiff's age, education, and work experience, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff was capable of performing.  (R. 24, Finding Nos. 5-11.)  Thus, the ALJ concluded that Plaintiff was not disabled.  (R. 25, Finding No. 12.)

On October 17, 2005, having obtained counsel to represent

---

[3] The ALJ found that Plaintiff's right hand injury with residual C8 radiculopathy and depression were severe impairments, but that her impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Further, the ALJ found that Plaintiff was unable to perform any of her past relevant work, that she had the RFC to perform a significant range of light work, and that there were a significant number of jobs in the national economy that she could perform.  (R. 24-25.)

her, Plaintiff requested review of the ALJ's decision.  ®. 12-13.)  On April 24, 2006, Plaintiff's counsel submitted to the Appeals Council additional records of mental health treatment that Plaintiff underwent starting on July 6, 2005.  ®. 241-273).  On May 22, 2006, the Appeals Council denied Plaintiff's request for review.  ®. 6-9.)  Thus, the ALJ's decision became the final decision of the agency.  Plaintiff initiated this civil action on July 24, 2006, seeking judicial review of the Commissioner's decision that she was able to perform a significant range of light duty work, and thus was not entitled to SSI.  The matter was referred to this Magistrate Judge on February 20, 2007, for preparation of a report and recommendation.

## II.  FACTS

Plaintiff, born on December 17, 1967, was thirty-three years old at the time of her alleged disability and thirty-six years old[4] at the time of her application for benefits.  ®. 63.)  Plaintiff has a high school equivalency education ®. 283) and past work experience as a cashier and fast food worker.  ®. 22).  Plaintiff alleges disability since August 1, 2001, as a result of a right hand injury, C8 radiculopathy, and depression.  ®. 24.)

In addition to reviewing the transcripts of the

---

[4]  Because Plaintiff qualified as a "younger person" under the regulations, her age is not considered a significant impediment to adapting to new work situations.  20 C.F.R. § 416.963(b)(2000).  The Court must "cautiously scrutinize the employment prospects of so young an individual before placing him on the disability rolls." Lockley v. Barnhart, No. 05-5197, 2006 U.S. Dist. LEXIS 29722, at *2 n.1 (E.D. Pa. May 16, 2006)(Baylson, J.), quoting, McLamore v. Weinberger, 530 F.2d 572, 574 (4th Cir. 1976).

administrative hearing, this Court has independently and thoroughly examined the medical records and all disability reports.  We will not further burden the record with a detailed recitation of the facts.  Rather, we incorporate the relevant facts in our discussion below.

### III.      LEGAL STANDARD

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision.  Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision.  Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  See also, Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993).

The ALJ must consider all relevant evidence in the record and provide some indication of the evidence she rejected and why she rejected it.  See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).  When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in her

decision.  Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000).  Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. § 423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows:  (1) if the claimant is currently engaged in substantial gainful employment, []he will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," []he will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether []he can perform work []he has done in the past despite the severe impairment - if []he can, []he will be found not disabled; and (5) if the claimant cannot perform [his] past work, the Commissioner will consider the claimant's

>     RFC, age, education, and past work experience
>     to determine whether []he can perform other
>     work which exists in the national economy.
>     *See id*. § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

## IV.     **ALJ DECISION AND PLAINTIFF'S REQUEST FOR REMAND**

Plaintiff's alleged disability primarily involves an inability to work due to a right hand injury, C8 radiculopathy and depression. (R. 24.) The ALJ, however, proceeded through the sequential evaluation process and found Plaintiff was not disabled due to her impairments.[5]

In her Request for Remand, Plaintiff asserts that: 1) the ALJ erred by employing an incomplete and inaccurate hypothetical question to the vocational expert; 2) new and material evidence submitted to the Appeals Council confirms the severity of Plaintiff's mental impairment; 3) the ALJ erred by failing to conduct a proper evaluation of Plaintiff's credibility; and 4) the ALJ erred by failing to comply with the affirmative obligation to ask a VE about any possible conflict

---

[5] The ALJ proceeded through the first four steps, finding that: (1) Plaintiff has not engaged in substantial gainful activity since her alleged onset of disability; (2) Plaintiff's right hand injury, residual C8 radiculopathy and depression are considered "severe"; (3) Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; and (4) Plaintiff retains the RFC to perform a significant range of light work. (R. 20-24, Finding Nos. 1-3, 5, 10.) Based on the foregoing, as well as Plaintiff's age, education, and work experience, the ALJ concluded at the last step that there are jobs that exist in significant numbers in the national economy that Plaintiff was capable of performing. (R. 24, Finding No. 11.) Accordingly, Plaintiff was not disabled at any time through the date last insured. (R. 25, Finding No. 12.)

between the VE's testimony and information provided in the DOT. (Pl. Br. at 3-13.)  The sole issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence. Based upon an independent review of the record[6] and for the reasons that follow, we find that although the ALJ's ultimate conclusion that Plaintiff is not disabled may be supported by substantial evidence of record, additional, relevant medical evidence was presented after the ALJ issued her decision.  As we find this evidence to be material and because good cause was shown for Plaintiff's failure to present this evidence before the ALJ's decision was reached, we remand this matter to the ALJ for further proceedings and evaluation of this new evidence.

## V.    DISCUSSION

Plaintiff argues that the submission of new and material medical evidence clarifies and substantiates the severity of Plaintiff's mental impairment.  (Pl. Br. at 8.)  The new evidence in question is records for Plaintiff's mental health treatment beginning on July 6, 2005 (prior to the ALJ's decision in this matter).  ®. 244-273.)  These records were submitted to the Appeals Council on April 24, 2006.  ®. 241-243.)  Upon an independent and thorough review of the record, we find that the

---

[6]   As noted *supra*, this Court may look to the entire record, not just the portions the ALJ cited to, in conducting our review.  See  Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000).

additional evidence submitted to the Appeals Council is new and material evidence that should be examined by the ALJ in conjunction with the pre-existing evidence of record.

This Court has the statutory authority to remand for further proceedings if new evidence submitted to the Appeals Council is material and good cause is shown for the failure to present it on a timely basis.  42 U.S.C. § 405(g); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001).  In order to be considered "new," the evidence cannot be merely cumulative of evidence already in the record, and to be considered "material," there must be a reasonable possibility that the new evidence would have changed the outcome of the Commissioner's determination.  Szubak v. Secretary of Health and Human Svcs., 745 F.2d 831, 833 (3d. Cir. 1984).  Implicit in the materiality requirement is that "the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."  Id.

In the instant case, the new evidence in question is mental health treatment records of Plaintiff from July 6, 2005, to March 1, 2006.  ®. 244-273.)  Plaintiff asserts there was good cause for her to submit her mental health records at the Appeals Council stage of review because Plaintiff was unrepresented at the hearing in this case, advised the ALJ about her past mental health treatment, and told the ALJ she was having trouble getting

back into treatment because of issues with her insurance. (R. 277, Pl. Br. at 9.)  Further, the ALJ advised Plaintiff at the close of the hearing that she (the ALJ) would request Plaintiff's mental health records, but failed to advise Plaintiff that the ALJ had not received any such records regarding her mental health care, despite requesting them.  (Pl. Br. at 9.)  Due to the fact that Plaintiff was not represented by counsel at the hearing in this matter and because of her unstable mental state, we find that the facts support Plaintiff's contention that good cause existed for submission of her mental health records at the Appeals Council stage of review.

The administrative hearing was held on June 16, 2005; on August 22, 2005, the ALJ issued an unfavorable decision. (R. 17-25.)  Meanwhile, Plaintiff sought further medical treatment for her mental condition.[7] (R. 244-273.)  On October 17, 2005, Plaintiff, now represented by counsel, submitted a timely request for review of the ALJ's decision to the Appeals Council. (R. 12.) On March 28, 2006, the Appeals Council sent a letter to Plaintiff's attorney in which it provided him with copies of exhibits from the ALJ hearing and a copy of the recording from

---

[7] On July 6, 2005, Plaintiff underwent a psychological evaluation at Community Council for MH/MR, Inc.  (R. 244-251.)  This initial assessment, which was completed prior to the date of the ALJ's decision, found that Plaintiff had auditory/visual hallucinations, depressed mood and anxiety, all of which rated a 3 on a scale of 1 to 3, in which a 3 is defined as "severe."  (R. 251.)  Plaintiff was also diagnosed with a schizo affective disorder with depressed mood.  (R. 251.)  On July 22, 2005, also prior to the date of the ALJ's decision, Plaintiff underwent an initial evaluation with David Frankel, M.D.  (R. 252.)  Dr. Frankel found that Plaintiff's depression and psychosis were rated a 3 on a scale of 1 to 3, which again indicated that these conditions were "severe."  (R. 255.)

the hearing. ®. 10-11.) In addition, the Appeals Council informed Plaintiff's counsel that he had thirty days in which to provide the Council with any more evidence that was "new and material to the issues considered in the hearing decision dated August 22, 2005." ®. 10.) On April 24, 2006, Plaintiff specifically requested that the Appeals Council review Plaintiff's claim in light of additional medical evidence, which Plaintiff attached to her request.[8] ®. 241-273.) However, on May 22, 2006, the Appeals Council denied Plaintiff's request for review. ®. 6-9.)

In analyzing Plaintiff's new medical evidence, we first find that Plaintiff's mental health records from Community Council for MH/MR, Inc. ("Community") are "new," and not merely cumulative of evidence already in the record. These records reflect that Plaintiff had a GAF score of 50 in July of 2005, and demonstrate the ongoing changes in Plaintiff's mental health functioning. ®. 255.) Further, the records are evidence of the severity of Plaintiff's mental problems and her ongoing emotional difficulties. Therefore, we find that these records are not merely cumulative of evidence already existing in the record.

We further find that Plaintiff's new evidence is material because it relates to Plaintiff's mental health condition, is probative of the severity of her condition and relates to the time period at issue. This new evidence corroborates the opinion of the Consulting Examiner, Dr. Siegel,

---

[8] Plaintiff's additional medical evidence consisted of treatment records from Community Council for MH/MR, Inc., from July 6, 2005, to March 1, 2006. ®. 241-273.)

11

with regard to the severity of Plaintiff's mental condition, and corroborates the Plaintiff's credibility, as the evidence consistently rates her mental health problems as 3 on a scale of 1 to 3, or "severe." (R. 255.)  Further, the ALJ based her decision in part upon the fact that Plaintiff had not obtained any mental health treatment since leaving prison. (R. 21.)  Based upon a review of this new evidence, this statement of the ALJ is clearly incorrect, as the new evidence shows that Plaintiff continued to undergo treatment for her mental health problems after the date of the ALJ hearing.

Moreover, there is a reasonable probability that this evidence would change the outcome of the Commissioner's decision, as these new records are further evidence of the severity of Plaintiff's mental problems.[9]  Specifically, the ALJ found that although Plaintiff's depression was "severe," it was not "severe" enough to meet or medically equal, either singly or in combination with other impairments, one of the listings in Appendix 1, Subpart P, Regulation No. 4. (R. 20.)  An examination of Plaintiff's new medical evidence could result in Plaintiff's impairment being severe enough to meet the criteria of the relevant listing.

Lastly, good cause justifies Plaintiff's failure to present these mental health treatment records at the ALJ hearing, because Plaintiff did not begin treatment at Community until July

---

[9] The ALJ found that Plaintiff had mild restriction in activities of daily living, mild difficulties with social functioning, and moderate difficulties in maintaining concentration, persistence and pace. (R. 21-21.)

6, 2005, over three weeks after the hearing in this case. ®. 18-25, 263-264.)  Further good cause exists because Plaintiff was unrepresented at the ALJ hearing, and was told by the ALJ that the ALJ would obtain Plaintiff's mental health treatment records.  As she was unrepresented, it was reasonable for Plaintiff to assume that the ALJ would obtain the records relevant to Plaintiff's mental health treatment.  In addition, there is absolutely no evidence that Plaintiff intentionally withheld the records of Community from the ALJ.  See Szubak at 834 (finding it significant that there was no evidence of an attempt by plaintiff to withhold medical evidence from the ALJ.)  Thus, there is good cause why Plaintiff's new evidence was not previously presented to the ALJ.  Consequently, remand to the Commissioner to consider this new and material evidence is necessary.

Because this new and material evidence would likely impact each area of the ALJ's decision which Plaintiff now challenges, namely the accuracy of the hypothetical question to the VE, whether the ALJ conducted a proper evaluation of Plaintiff's credibility, and whether the ALJ failed to comply with the obligation imposed by Social Security Ruling 00-4p, the effect of this additional medical evidence should be re-examined by the Commissioner on remand.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this 13th day of July, 2007, it is RESPECTFULLY RECOMMENDED that the Plaintiff's Request for Review

should be GRANTED, and the matter be REMANDED for further proceedings consistent with this Report and Recommendation.

                                  BY THE COURT:

                                  <u>/s/ Arnold C. Rapoport</u>
                                  ARNOLD C. RAPOPORT,
                                  United States Magistrate Judge